*35 OPINION.
Seawell:
The Commissioner seeks to collect certain additional taxes from the petitioner on the ground that it is a “transferee ” within the meaning of section 280 of the Revenue Act of 1926 on account of assets received from Lewis B. Chase shortly after incorporation. The substance of what occurred was that Chase, who was the owner of a drug business, formed the petitioner corporation and transferred thereto assets having a net value of approximately $50,000 in consideration for the issuance to him of the corporation’s entire stock then issued (except certain qualifying shares). By a separate transaction, but carried out at or about the same time, Chase sold to the petitioner a stock of liquors, which had been retained by him in the sale of the drug business, for $25,100, receiving payment in notes which were subsequently paid. So far as the record goes the transfer of assets for stock and the sale of liquors for notes were for a fair consideration and bona -fide in every respect.
In any event, the burden of establishing that a fair consideration was not received or that the transactions were not bona fide rested upon the Commissioner. Chase testified that he had no known creditors at the date of the transfer and that assets then held by him were sufficient to take care of any contingent liabilities which then appeared possible of arising.
In view of the foregoing, we are of the opinion that the petitioner is not a “ transferee ” within the meaning of section 280 of the Revenue Act of 1926 and therefore the contention of the Commissioner that the petitioner is liable for the taxes of Chase which arose prior to the transfer must be denied. Metropolitan Securities Corporation, 19 B. T. A. 299, and Kinnett-Odom Co., 19 B. T. A. *36 1124. It is of no more materiality that Chase afterwards disposed of the stock received by him (perhaps without' receiving full consideration therefor) and that he subsequently sustained losses in other ventures which made him insolvent by 1927 and rendered it impossible for the Commissioner to collect the tax in question from him, than if he had received cash and squandered it. Certainly, if cash had been received by Chase instead of stock and notes, we would not say that a “transferee” situation exists as contemplated by the statute and we think a like conclusion must follow from the record before us. Cf. Fostoria Milling & Grain Co., 11 B. T. A. 1401.
Since we have held that the petitioner is not liable as a transferee, it becomes unnecessary to pass upon the other assignments of error presented.

Judgment will be entered for the 'petitioner.